Melagia Royntan **PANGGABEAN;** et al., Petitioners,

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 04–70656.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Larry P. Cote, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Melagia Royntan Panggabean, her husband and three minor children, all natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

■ Substantial evidence supports the IJ's determination that Panggabean did not establish past persecution or an objective basis for fearing persecution should she return to Indonesia. Panggabean testified that she was never physically harmed on account of her religion, and we are not compelled to conclude that the hardships of which she complains, including the disruption of weekly religious services held at her residence, rose to the level of persecution. *See Singh v. INS*, 134 F.3d 962, 967–69 (9th Cir.1998). Moreover, Panggabean failed to demonstrate that she fears more than a generalized possibility of persecution, *see id.* at 967, particularly given that she has returned to Indonesia without incident and her brothers and sisters continue to live in

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Indonesia without incident. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996).

Because Panggabean failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Panggabean's CAT claim also fails because she has not shown it is "more likely than not" that she will be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.